**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MIRAMED REVENUE GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.     Plaintiff Dave Moore brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Miramed Revenue Group, LLC.  Plaintiff alleges that Miramed Revenue Group, LLC violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 1367, 47 U.S.C. §227(b)(3), and 15 U.S.C. §1692k .

3.     Venue and personal jurisdiction in this District are proper because:

> (1)     Miramed Revenue Group, LLC's collection communications were received by plaintiff within this District, and

> (2)     Miramed Revenue Group, LLC transacts business within this District.

### PARTIES

4.     Plaintiff Dave Moore is a resident of Cook County, Illinois.

5.     Defendant Miramed Revenue Group, LLC is an Illinois limited liability company with its corporate headquarters in Michigan.  It does business in Illinois.  Its registered agent and

1

office is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

6.     Miramed Revenue Group, LLC is engaged in the business of a collection agency.

7.     Miramed Revenue Group, LLC uses the mails and telephone system to conduct its business.

8.     Miramed Revenue Group, LLC is a debt collector as defined in the FDCPA.

## FACTS

9.     Miramed Revenue Group, LLC has been attempting to collect a consumer debt from plaintiff.

10.     Miramed Revenue Group, LLC is in the business of collecting medical debts.

11.     On December 29, 2012, plaintiff called and left a voice mail informing Miramed Revenue Group, LLC to stop calling him on his work cell phone.

> "Hi I'm calling because I'm receiving phone calls on my cell phone and also my work phone and I need that to stop or I'll get in trouble with my employer. The number that's being called is (630) 962-8338. I'm not really sure what that's regarding but I can not receive such calls at that number. I guess no one's available but it's December 29, 2012. I'm calling at 2:30pm, so yeah please make sure they stop calling. Thank you."

12.     Subsequent to receiving a voice mail, Miramed Revenue Group, LLC placed more calls to plaintiff's work cell phone using automated dialers and a recorded voice.

13.     The automated dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector. The automated dialer first states Plaintiff's name in an obviously electronically created voice.

## COUNT I – TCPA

14.     Plaintiff incorporates paragraphs 1-13.

15.     47 U.S.C. §227(b)(1) provides, in part, as follows:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**

2

> **(A)** **to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice....**
>
> **(iii)** **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....**

16. 47 U.S.C. §227(b)(3) further provides:

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –**
>
> **(A)** **an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)** **an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)** **both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

17. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

18. Plaintiff is entitled to statutory damages.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant, for:

> (1) Statutory damages;
>
> (2) An injunction against further violations;
>
> (3) Costs of suit; and
>
> (4) Such other or further relief as the Court deems just and proper.

## COUNT II – FDCPA

19. Plaintiff incorporates paragraphs 1-13.

20.     Defendant Miramed Revenue Group, LLC violated the FDCPA, 15 U.S.C.
§1692c by attempting to contact Plaintiff on his work phone after Plaintiff informed Miramed
Revenue Group, LLC that it was his work phone and that his employer prohibited him from
receiving such communications.

21.     Section 1692c provides:

> **§ 1692c.     Communication in connection with debt collection
> [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector
> or the express permission of a court of competent jurisdiction, a debt
> collector may not communicate with a consumer in connection with the
> collection of any debt--**
>
> **...(3) at the consumer's place of employment if the debt collector knows or
> has reason to know that the consumer's employer prohibits the consumer
> from receiving such communication.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against
defendant for:

    (a)     Actual damages;

    (b)     Statutory damages;

    (c)     Attorney's fees, litigation expenses and costs; and

    (d)     Such other or further relief as the Court deems proper.

## COUNT III- ILLINOIS COLLECTION AGENCY ACT

22.     Plaintiff incorporates paragraphs 1-14.

23.     Defendant is a "collection agency" as defined in the Illinois Collection Agency
Act, 225 ILCS 425/1 et seq.

24.     Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its
purview by providing that "A person, association, partnership, corporation, or other legal entity
acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and

4

engages in collecting the same."

25.     Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

26.     By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

27.     In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2 (emphasis added).

28.     Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

29.     By attempting to contact Plaintiff on his work phone after Plaintiff informed Miramed Revenue Group, LLC that it was his work phone and that his employer prohibited him from receiving such communications, Defendant Miramed Revenue Group, LLC violated 225 ILCS 425/9.2 of Illinois Collection Agency Act.

30.     Section 425/9.2 provides:

> **225 ILCS 425/9.2.  (Effective January 1, 2008) Communication in connection with debt collection**
>
>   **Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances:**
>
> > **...(3) At the debtor's place of employment, if the debt collector or collection agency knows or has reason to know that the debtor's employer prohibits the debtor from receiving such communication.**

31.     A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

32.     Plaintiff was damaged as a result.

5

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant:

      (a)    Compensatory and punitive damages;

      (b)    Costs; and

      (c)    Such other and further relief as is appropriate.


/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
Atty. No. 41106 (Cook)


## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
Atty. No. 41106 (Cook)

## **VERIFICATION**

The undersigned hereby declares under penalty of perjury, as provided for by 28 U.S.C. 1746, that the facts stated in the foregoing complaint are true.

_____
Dave Moore